## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LARRY STURGIS,

      Plaintiff,

      v.

61 PA. STATE 331.21 (1941),
TOM WOLF,
JOSHUA SHAPIOR, and
DIRECTOR LEO L. DUNN,

      Defendants.

No. 3:18-cv-00090

(Senior Judge Rambo)

(Magistrate Judge Carlson)

## ORDER

### MARCH 18, 2019

Larry Sturgis, a Pennsylvania state prisoner, has filed a 42 U.S.C. § 1983 complaint—which he later amended—alleging that Defendants violated his Fourteenth Amendment rights by denying his application for parole.[1] (ECF Nos. 1, 7). On January 14, 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation, recommending that this Court grant a motion to dismiss filed by Defendants on the grounds that (1) Sturgis failed to respond to the motion to dismiss

---

[1] Sturgis was convicted in 1987 of First Degree Murder and was sentenced to life imprisonment. (ECF No. 18, Doc. 1 at 1). In July 2017, Sturgis filed an application for parole, which the Pennsylvania Board of Probation and Parole ("Parole Board") denied on the ground that Sturgis is serving a life sentence and is therefore statutorily ineligible for parole. (ECF No. 7, Ex. A).

and failed to prosecute this matter and (2) Sturgis' claims fail on the merits. (ECF No. 20). Sturgis filed timely objections,[2] asserting that he did not respond to Defendants' motion to dismiss because he believed his amended complaint was sufficient to withstand the motion to dismiss. (ECF No. 21).

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error. Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed). Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

---

[2] The Court assumes for the purposes of this Order that Sturgis placed, and therefore filed, his objections in the prison mail system on the date that he signed the objections. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (noting that prisoner documents are deemed filed when deposited in prison mail system).

Because Sturgis objected to the recommendation that his complaint be dismissed for failure to prosecute or respond to the motion to dismiss, that portion of the recommendation is subject to de novo review. *City of Long Branch*, 866 F.3d at 99. Sturgis did not, however, object to the recommendation that his claims are without merit, and that recommendation is therefore reviewed only for clear error. *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of recommendation to which no party files specific objections).

Based on Sturgis' objections, it appears that he did not intentionally fail to respond to the motion to dismiss or intend to abandon this action. Although dismissal may be warranted based on Sturgis' failure to respond to Defendants' motion to dismiss, in light of Sturgis' pro se status, the Court will examine the underlying claims. Even a brief review of Sturgis' amended complaint makes clear, however, that his claims are barred by fundamental and well-established principles. The United States Supreme Court has held that a prisoner "has no cause of action under § 1983 unless and until [his underlying] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The United States Court of Appeals for the Third Circuit has extended this rule to § 1983 claims that challenge the denial of parole. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (extending *Heck*

to § 1983 claims that "would necessarily demonstrate the invalidity of the Parole Board's decision"). Because Sturgis challenges the Parole Board's still-valid order denying his parole application, and because any order from this Court would necessarily invalidate the Parole Board's order, Sturgis' "sole federal remedy is a writ of habeas corpus, not a § 1983 action," *id.*, and his claims fail on that basis.

Moreover, even reviewing the merits of Sturgis' § 1983 claims, the Court finds no error—clear or otherwise—in the magistrate judge's conclusion that Sturgis' Due Process claim is without merit. To the extent that Sturgis attempts to raise a Fourteenth Amendment Equal Protection claim asserting that he is being treated differently than juveniles who are subject to a life sentence, he must demonstrate that "he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016). Sturgis' status as an adult inmate does not place him in a protected class and he has no fundamental right to parole, *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987), and his claim is thus subject to rational basis review. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) ("Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the

constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest.").

As the Supreme Court has emphasized, its jurisprudence "establish[es] that children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, . . . they are less deserving of the most severe punishments." *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (internal quotation marks omitted). Given the reasoned distinctions between juveniles and adults that have been outlined by the Supreme Court, *id.* at 471-74, it cannot be said that Sturgis is similarly situated to juvenile prisoners who are serving life sentences, or that Pennsylvania does not have a rational basis for treating juveniles and adults dissimilarly.

In sum, Sturgis has failed to state any cognizable claim under § 1983. Consequently, it is hereby ordered that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (ECF No. 20) is ADOPTED in part;

2. Defendants' motion to dismiss (ECF No. 17) is GRANTED;

3. The amended complaint (ECF No. 7) is DISMISSED;

4. Sturgis' request for counsel is DENIED as moot;

5. Any appeal taken from this order is deemed frivolous and not in good faith; and

6.      The Clerk of Court is directed to CLOSE this case.

                        BY THE COURT:


                        s/ Sylvia H. Rambo
                        Sylvia H. Rambo
                        Senior United States District Judge